[Crim. No. 474.   First Appellate District.—January 12, 1915.]

# THE PEOPLE, Respondent, v. TSURUHE TOMINAGA, Appellant.

CRIMINAL LAW—MURDER—DEFENSE OF INSANITY—EVIDENCE—CROSS-EXAMINATION—ALLEGED MISCONDUCT OF DISTRICT ATTORNEY.—In this prosecution for the crime of murder, where the defendant interposed the defense of insanity and one of his witnesses upon direct examination testified that in his opinion the defendant was insane at the time of the commission of the homicide, and, among other things, stated that the reasons for the opinion was based upon conversations had with the defendant shortly before the commission of the homicide, wherein the defendant stated in substance that his mother was dead, that his wife was in a poor condition, that he had no money to provide for her, that he had abandoned all hope, and would because of these misfortunes kill himself; and upon cross-examination the witness was asked if he did not know it to be a fact that at the time of the conversation referred to, the defendant was suffering from a venereal disease, which question was answered in the affirmative, the asking of the latter question was not prejudicial misconduct, where the district attorney conceded that the question as framed was improper, and explained that inadvertently he had asked for a fact when it was his purpose to ask if the defendant had not said that he was despondent because he was suffering from a venereal disease, and thereupon the court at the request of the defendant admonished the jury to disregard the question and answer.

ID.—CROSS-EXAMINATION—INSANITY OF DEFENDANT—OPINION OF WITNESS—FACTS BASED UPON.—In such a case the witness was properly permitted, when examined in chief, to testify that his opinion as to the insanity of the defendant was based upon certain specific declarations of the defendant as to the cause of his despondency, and there was no error in allowing the district attorney, upon cross-examination, to ask the witness if the defendant had not said that his despondency was due, not only to his family troubles and poverty, but also to the fact that he was afflicted with a venereal disease.

ID.—REASONS FOR DESPONDENCY—FOUNDATION OF CROSS-EXAMINATION—WAIVER OF.—In such a case the question should have been preceded by the general question as to whether or not the witness had narrated all of the reasons given by the defendant for his despondency, but where no objection was made to the question upon the ground that a proper foundation had not been laid therefor, there was no error in allowing the question.

APPEAL from a judgment of the Superior Court of the County of Alameda and from an order refusing a new trial.    Everett J. Brown, Judge.

The facts are stated in the opinion of the court.

Philip M. Walsh, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

THE COURT.—The defendant in this case was charged with the crime of murder.    He was convicted of murder in the first degree, and the penalty therefor was by the jury fixed at life imprisonment in the state prison.

In addition to his plea of "Not guilty" the defendant interposed the defense of insanity.    A witness for the defendant upon direct examination testified that in his opinion the defendant was insane at the time of the commission of the homicide; and among other things stated that the reason for the opinion was based upon conversations had with the defendant shortly before the commission of the homicide, wherein the defendant stated in substance that his mother was dead, that his wife was in poor condition, that he had no money to provide for her, that he had abandoned all hope, and would because of these misfortunes kill himself.    Upon cross-examination this witness was asked if he did not know it to be a fact that at the time of the conversation referred to the defendant was suffering from a venereal disease?    The question was answered in the affirmative apparently before counsel for the defendant had an opportunity to object; and upon motion the answer was stricken out upon the ground that the question was not proper cross-examination.    The asking of the question was assigned as misconduct.    The district attorney conceded that the question as framed was improper, and explained that inadvertently he had asked for a fact when it was his purpose to ask if the defendant had not said that he was despondent because he was suffering from a venereal disease.    Thereupon the trial court, at the request of the defendant admonished the jury to disregard the question and answer.

The explanation of the district attorney apparently satisfied the lower court that the question complained of was pro-

pounded in good faith; but even if this were not so we are convinced that the trial court's admonition to the jury cured whatever misconduct there may have been in the asking of the question.

Upon further cross-examination the same witness was asked if the defendant had not said that his despondency was due not only to his family troubles and poverty, but also to the fact that he was afflicted with a venereal disease. An objection to this question upon the ground that it was not proper cross-examination was overruled, and the question was answered in the negative. We see no error in the ruling. The witness was properly permitted when examined in chief to testify that his opinion as to the insanity of the defendant was based upon certain specific declarations of the defendant as to the cause of his despondency; and the question complained of was allowed to be answered upon the theory that the prosecution was entitled to know if the defendant had given any other and further reason for his despondency. Clearly if the defendant had said he was despondent because he was afflicted with a venereal disease, this was a fact which the prosecution would have been entitled to have in evidence; and if the question complained of had been answered in the affirmative it would have helped rather than harmed the defendant, because such an answer would have tended to show that in addition to his other troubles he had good and sufficient reason to be despondent. True the question complained of should perhaps have been preceded by the general question as to whether or not the witness had narrated all of the reasons given by the defendant for his despondency. Such a general question would undoubtedly have been proper cross-examination. No objection, however, was made to the question complained of upon the ground that a proper foundation had not been laid therefor; and in the absence of such an objection the ruling under discussion was not error.

This disposes of the principal point made in support of the appeal, and what we have said in effect disposes of the one remaining point.

The judgment and order appealed from are affirmed.